IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-01202-NYW-NRN

PEGGY WOOD, and
ELDRED WESTBACK,

      Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant.

---

## ORDER ON MOTION TO AMEND

---

This matter is before the Court on Plaintiffs Peggy Wood and Eldred Westback's Motion for Leave to Amend Complaint (the "Motion" or "Motion to Amend"). [Doc. 31]. The Court has reviewed the Motion and the related briefing, the applicable case law, and the entire docket. For the reasons set forth herein, the Motion to Amend is respectfully **GRANTED**.

## BACKGROUND

This case arises out of an insurance coverage dispute between Plaintiffs Peggy Wood and Eldred Westback (together, "Plaintiffs"), and Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm"). *See generally* [Doc. 6]. Defendant issued Plaintiffs an insurance policy (the "Policy") for Plaintiffs' property located at 19302 E. Eldorado Drive, Aurora, Colorado 80013 (the "Property"). [*Id.* at ¶¶ 8–9]. On or around May 10, 2023, the Property sustained damage due to a wind and hailstorm (the "May 2023 Storm"). [*Id.* at ¶ 11]. Sometime thereafter, Plaintiffs filed a claim with Defendant

in connection with damage caused by the hailstorm (the "Claim"). [*Id.* at ¶ 12].

Defendant assigned an adjuster to assess the loss, [*id.* at ¶ 12]; acknowledged that a covered loss occurred, [*id.* at ¶ 14]; and issued an estimate that covered only damage to soft metals and elevations of the dwelling on the Property, [*id.*]. Plaintiffs allege that Defendant refuses to pay for significant damage to the field of the dwelling's shingled roof caused by the May 2023 Storm, [*id.* at ¶¶ 14, 16, 18, 20–21], and has failed to provide Plaintiffs with an adequate explanation for its denial of the Claim, [*id.* at ¶ 27].

Plaintiffs initiated this action against State Farm in Arapahoe County District Court on April 2, 2024. *See generally* [*id.*]. Plaintiffs assert three state law causes of action against State Farm for breach of contract, common law bad faith breach of an insurance contract, and unreasonable delay and denial of insurance benefits in violation of Colo. Rev. Stat. § 10-3-1115. [*Id.* at 6–10]. On May 1, 2024, State Farm removed the case to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. [Doc. 1]. On May 21, 2024, State Farm moved to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) for failure to state a claim. [Doc. 16].

On August 12, 2024, the Honorable N. Reid Neureiter entered the Scheduling Order in this case, setting the deadline for amendment of pleadings as October 11, 2024. [Doc. 30 at 8]. State Farm produced its claim file on August 19, 2024. [Doc. 31 at ¶ 9].[1] Less than one month later, Plaintiffs filed the instant Motion to Amend. *See* [*id.*]. Plaintiffs seek leave to amend their Complaint to include new information learned during discovery and to respond to arguments raised in Defendant's Motion to Dismiss. [*Id.* at ¶¶ 10, 13].

---

[1] The Court notes that State Farm asserts that it produced the claim file on August 12, 2024. [Doc. 32 at 2]. This one-week difference between the two asserted dates of production is not material to the Court's analysis.

Specifically, Plaintiffs seek to add allegations regarding the Policy, coverages under the Policy, weather data, and internal claim analysis reflected in State Farm's claim file. [*Id.* at ¶ 11]; *see also* [Doc. 31-2 (proposed amended complaint)]. According to Plaintiffs, the claim file shows that after State Farm inspected the Property and reviewed materials submitted by or on behalf of Plaintiffs, State Farm internally acknowledged the full scope of damage to the Property while partially denying benefits due under the Policy without justification. [Doc. 31 at ¶ 11].

Defendant opposes Plaintiffs' request to amend, *see* [Doc. 32], and Plaintiffs have replied, *see* [Doc. 33]. The Court addresses the Parties' arguments below.

**LEGAL STANDARD**

If a party moves to amend on or before the deadline to amend pleadings, Rule 15(a) of the Federal Rules of Civil Procedure governs whether to grant the movant leave to amend. *See Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000). Under Rule 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotation omitted).

A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is improper*, Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020). Whether to allow amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975,

3

978–79 (10th Cir. 1996).

## ANALYSIS

State Farm asserts that the Motion should be denied because amendment was unduly delayed; Plaintiffs refused to amend their Complaint despite "multiple opportunities" to amend; and the Motion and proposed amendments are "predicated on misrepresentations of fact, demonstrating bad faith." [Doc. 32 at 2]. State Farm also raises futility of amendment as a ground for denial of the Motion. [*Id*. at 8–11]. The Court considers these arguments in turn.

## I.      Undue Delay

State Farm argues that Plaintiffs' proposed amendment is unduly delayed because Plaintiffs filed their Motion to Amend "nearly five months after State Farm expressly notified Plaintiffs" that the Complaint failed to cite any provisions of the Policy that State Farm allegedly breached. [*Id.* at 4]. For several reasons, the Court finds State Farm's argument unpersuasive.

At the outset, the Court respectfully disagrees that Plaintiffs' inclusion of the Policy in their August 2024 initial disclosures "demonstrat[es] that Plaintiffs were in possession of the Policy all along." [*Id.*]. Indeed, Plaintiffs explain that they obtained the Policy after State Farm attached a copy to its Motion to Dismiss in May 2024. [Doc. 33 at 3 n.1]; *see also* [Doc. 16-2]. Moreover, by focusing on the foregoing Policy-based arguments, State Farm fails to address the crux of Plaintiffs' proposed amendment: the "new" information contained in the claim file concerning State Farm's internal analysis of Plaintiffs' Claim. *See, e.g.,* [Doc. 31 at ¶ 11 ("State Farm's claim file contains . . . damage assessment and internal communications which provide further support [for Plaintiffs'] claims against State

Farm.")].

"Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). "The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Adperio Network, LLC v. AppSlide, LLC*, No. 16-cv-00776-PAB-MEH, 2017 WL 4407928, at *3 (D. Colo. Mar. 28, 2017), *report and recommendation adopted*, 2017 WL 4404772 (D. Colo. Apr. 17, 2017). Thus, in assessing whether Plaintiffs unduly delayed seeking amendment, the Court focuses on their explanation for the delay. *See Minter*, 451 F.3d at 1206; *see also Sony Music Ent. Espana, S.L. v. Moody II LLC*, No. 23-cv-00885-CNS-SBP, 2024 WL 3936664, at *4 (D. Colo. Aug. 25, 2024) ("Instead of focusing on 'delay' or 'lateness,' courts deciding this issue look to the moving party's explanation of the delay to determine whether the delay is undue." (quotation omitted)). Delay is "undue" if "it will place an unwarranted burden on the Court or become prejudicial to the opposing party." *Great Lakes Ins., S.E. v. Highland W. LLLP*, No. 19-cv-00508-LTB, 2019 WL 11641301, at *4 (D. Colo. Aug. 2, 2019) (quotation omitted).

Here, the Court finds that Plaintiffs have adequately explained the timing of their request to amend. Plaintiffs represent that some of the amendments are based on information in State Farm's claim file, which Plaintiffs first obtained in mid-August 2024, [Doc. 31 at ¶ 9], and other amendments are intended to address arguments raised in Defendant's Motion to Dismiss, which was filed on May 23, 2024, *see* [Doc. 16], and fully briefed as of July 11, 2024, *see* [Doc. 21; Doc. 26]; *see also* [Doc. 31 at ¶ 13]. Defendant filed the Motion to Dismiss on May 23, 2024, well before the Scheduling Order was entered and over a year before the discovery deadline set in this case. *Compare* [Doc.

16], *with* [Doc. 30 at 8].  The Court cannot conclude that Plaintiffs meaningfully or unduly delayed in seeking amendment mere weeks after learning of the new claim file information.  *See Driscoll v. City & Cnty. of Denver*, No. 21-cv-02866-PAB-NRN, 2023 WL 2261132, at *2 (D. Colo. Feb. 28, 2023) (finding that a delay of "fewer than six weeks" after learning new information was not undue); *MSC Safety Sols., LLC v. Trivent Safety Consulting, LLC*, No. 19-cv-00938-MEH, 2020 WL 417592, at *2 (D. Colo. Jan. 27, 2020) ("[P]roposed amendments that seek to . . . add additional factual allegations concerning a claim's required elements[] are proper.").  The Court also finds that allowing Plaintiffs the opportunity to include citations to specific portions of the Policy—among other amendments based on new information obtained from the claim file—best accomplishes the objectives of Rule 1 of the Federal Rules of Civil Procedure.  Finally, to the extent Defendant challenges the accuracy or veracity of Plaintiffs' representations about when they obtained the Policy, *see, e.g.*, [Doc. 32 at 4], the Court takes the representations of Plaintiffs' counsel, as an officer of the Court, as true.  *See Holloway v. Arkansas*, 435 U.S. 475, 486 (1978) ("[A]ttorneys are officers of the court, and when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath." (cleaned up)).  For these reasons, the Motion to Amend was not unduly delayed.

## II.    Bad Faith

State Farm contends that Plaintiffs' Motion is made in bad faith because Plaintiffs knowingly misstate facts and falsely claim information was "newly discovered."  [Doc. 32 at 3].  Specifically, State Farm argues that Plaintiffs have misrepresented that the Policy contained in State Farm's claim file constitutes "new" information unavailable to Plaintiffs when they filed the original Complaint.  In its Motion to Dismiss, State Farm faults Plaintiffs

6

for failing to cite any provisions of the Policy in the Complaint. *See* [Doc. 16 at 10–11]. According to State Farm, Plaintiffs should have amended their Complaint to include Policy provisions instead of filing a response to State Farm's Motion to Dismiss. [Doc. 32 at 4]. The Court respectfully disagrees with State Farm in two key respects.

First, the Court disagrees with State Farm's characterization of Plaintiffs' Motion to Amend insofar as State Farm asserts that Plaintiffs "suggest[] they could not have included policy language in their Complaint until they received State Farm's claim file." [*Id.*]. Plaintiffs do not make this argument. *See generally* [Doc. 31]; *compare* [*id.* at ¶ 9 (explaining that claim file contained "vital information" that includes the Policy, coverages, and internal damages analysis)], *with* [*id.* at ¶¶ 10–11 (listing as "new information" contained in the claim file "policy *information*, weather data, policy *analysis*, damage assessment[,] and internal communications") (emphasis added)]. And Plaintiffs explain that the specific Policy provisions included in the proposed amended complaint are designed to "moot[] State Farm's claims that the Complaint contained insufficient allegations . . . that any specific terms of the Policy have been breached." [*Id.* at ¶ 13].

Second, the Court is unpersuaded by State Farm's sole legal citation in the bad faith section of its Response. *See* [Doc. 32 at 7 (citing *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003 (8th Cir. 2015))]. Notwithstanding the fact that *Streambend Properties* is not binding on this Court, that case is readily distinguishable on its facts. There, the district court permitted the plaintiff to file two amended complaints. *Streambend Props.*, 781 F.3d at 1009. However, after the court granted the defendants' second motion to dismiss most of the claims asserted in the second amended complaint, the plaintiff unsuccessfully sought leave to add new claims and defendants for a third and

fourth time.  *Id.*  The Court of Appeals for the Eighth Circuit upheld the district court's

denial of the plaintiff's request to file third and fourth amended complaints in part because

the "repeated amendments . . . appear[ed] to have been brought in bad faith . . . to avoid

dismissal after defendants' motions to dismiss were fully briefed, heard, and taken under

advisement."  *Id.* at 1015.  Plaintiffs here seek to amend in the first instance.

For these reasons, the Court finds that State Farm has not met its burden of

establishing that amendment should be denied on bad faith grounds.

## III.    Futility

Defendant also argues that Plaintiffs' proposed amendment would be futile.  [Doc.

32 at 8–11].  "A proposed amendment to a complaint is futile if it would be subject to

dismissal for any reason, including that the amendment would not survive a motion for

summary judgment or a motion to dismiss."  *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l

Ass'n*, 44 F. Supp. 3d 1062, 1068 (D. Colo. 2014).  To the extent Defendant attacks some

of Plaintiffs' proposed amendments as "incorrect," [Doc. 32 at 8], "false allegations," [*id.*

at 11], "blatant misstatements," [*id.* at 9], or "misrepresentations and knowing omissions,"

[*id.* at 5–7], and to the extent Defendant accuses Plaintiffs of "intentionally

misconstru[ing]" statements in the claim file, [*id.* at 7], these arguments are not

appropriately raised in response to a motion to amend (or a motion to dismiss).[2]  *See

Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss we

must take all of the factual allegations in the complaint as true.").

---

[2] Indeed, State Farm appears to acknowledge that its arguments are misplaced.  *See*
[Doc. 32 at 11 ("While resolution of Plaintiffs' motion to amend may or may not be the
appropriate avenue for addressing this issue, Defendant brings it to the Court's attention
here because it believes those allegations should be disregarded by the Court.")].

Moreover, this Court and other courts in this District have concluded that futility arguments are more appropriately addressed in robust Rule 12 briefing, rather than in abbreviated arguments asserted in opposition to a motion to amend. *See, e.g.*, *Pollack v. Boulder Cnty.*, No. 17-cv-02444-CMA-NRN, 2019 WL 1292858, at *4 (D. Colo. Mar. 21, 2019) ("The Court finds that these issues would be better and more efficiently addressed after Plaintiff's amended complaint is in place and Defendant has had an opportunity to revise her motion to dismiss to address the revised allegations, if she chooses to file such a motion."). Accordingly, the Court will permit the requested amendment, and Defendant's response will be governed by Rule 12 of the Federal Rules of Civil Procedure, as appropriate.[3]

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    Plaintiffs Peggy Wood and Eldred Westback's Motion for Leave to Amend Complaint [Doc. 31] is **GRANTED**;

(2)    On or before **December 13, 2024**, Plaintiffs shall file a clean copy of their Amended Complaint as a separate docket entry; and

(3)    Defendant's Motion to Dismiss [Doc. 16] is **DENIED as moot**.

---

[3] Indeed, it is not entirely clear to the Court why both the instant Motion to Amend and the Motion to Dismiss could not have been avoided with a more robust meet and confer as required by the Court's Uniform Practice Standards. *See* NYW Civ. Practice Standard 7.1B(b). This Court encourages counsel to be mindful of this requirement if contemplating another motion to dismiss directed at the Amended Complaint.

DATED:  December 11, 2024                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge